UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6485 DSF (FFM) | Date | August 5, 2015 |
|---|---|---|---|
| Title | PAMELA TINKY MNYANDU v. COUNTY OF LOS ANGELES, et al. | | |

| Present: The Honorable | Frederick F. Mumm, United States Magistrate Judge | |
|---|---|---|
| James Munoz | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None present | | None present |

**Proceedings:**   (IN CHAMBERS) ORDER GRANTING DEFENDANT JOHN MCLAUGHLIN'S MOTION TO QUASH SERVICE

   On April 24, 2015, defendant John McLaughlin filed a Notice of Motion and Motion to Quash Service and to Dismiss First Amended Complaint.  Defendant McLaughlin argues that plaintiff did not properly effect substituted service of process on him.  Defendant also complains that plaintiff did not use a registered process server in attempting to serve him.  Plaintiff filed an opposition which suggests that defendant has been trying to evade service of process.  Plaintiff also filed a declaration and amended declaration of the process server in an attempt to demonstrate that service has been effected properly.  On May 6, 2015, defendant McLaughlin filed a reply to plaintiff's opposition.

   After considering the arguments made by the parties and after reviewing the proof of service and declarations filed by plaintiff, the Court concludes that plaintiff has failed to demonstrate that she served defendant McLaughlin with the Summons and Complaint. First, there is no requirement that plaintiff use a registered process server. The Federal Rules require that the server be over 18 years of age and not a party to the action.  Therefore, defendant's objection to the process server is overruled.  Second, substituted service pursuant to California law is acceptable in this Court.  Thus, had plaintiff properly complied with California Code of Civil Procedure section 415.2(b) the Court would deny defendant's motion.  In this regard, C.C.P. § 415.2 (b) provides:

   If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6485 DSF (FFM) | Date | August 5, 2015 |
|---|---|---|---|
| Title | PAMELA TINKY MNYANDU v. COUNTY OF LOS ANGELES, et al. | | |

leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Plaintiff does not state that a copy of the summons and complaint was left with anyone over the age of 18 years at defendant's dwelling house, usual place of abode, usual place of business, or usual mailing address.  Therefore, substituted service was not properly effected.  Accordingly, the motion to quash service of process is GRANTED.  The motion to dismiss the complaint is DENIED as moot.

Defendant argues that plaintiff's last day to serve him expired on April 17, 2015.  The Court notes plaintiff's continuing attempts to serve defendant and plaintiff's allegations that defendant, although present, refused to answer the door to be served on numerous occasions.  Given plaintiff's attempts to serve defendant McLaughlin and the assertions that defendant is evading service, the Court will extend the time limit with respect to serving defendant McLaughlin.

The Court has granted with leave to amend the motions to dismiss the First Amended Complaint of various defendants, but has stayed the filing of a Second Amended Complaint until all of the motions to dismiss have been resolved.  The last remaining motions to dismiss are those of defendants Joan Schneider and Mauricio Arocha.  The Court is in the process of issuing a Report and Recommendation that those two defendants be dismissed without leave to amend.  Therefore, the Court will order that the Second Amended Complaint be filed within 20 days of the order granting the motions to dismiss of these two defendants (assuming the District Judge accepts the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-6485 DSF (FFM) | Date | August 5, 2015 |
|---|---|---|---|
| Title | PAMELA TINKY MNYANDU v. COUNTY OF LOS ANGELES, et al. | | |

recommendation to grant the motions to dismiss either with or without prejudice).  The Court will grant plaintiff an additional 45 days from the filing of the Second Amended Complaint to serve defendant McLaughlin with the Second Amended Complaint.

    IT IS SO ORDERED.